# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JESSE W. SEARCY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:21-cv-00018 |
| NATIONAL CREDIT SYSTEMS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Jesse W. Searcy ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of National Credit Systems, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri, a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Missouri, and Plaintiff resides in the Eastern District of Missouri.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collection service with its principal place of business in Atlanta, Georgia. Defendant regularly collects upon consumers located within the state of Missouri.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the events giving rise to this cause of action, Plaintiff moved out of an apartment unit from Bailey Ranch Apartments.

8. Plaintiff had an outstanding balance of approximately $2,400("subject debt").

9. Subsequently, Plaintiff defaulted on the subject debt.

10. Sometime thereafter, Defendant acquired the right to collect on the defaulted subject debt.

11. Around February 24, 2021, Plaintiff checked his credit reports. Upon checking his reports, Plaintiff noticed that Defendant was reporting the subject debt.

12. Immediately thereafter, Plaintiff called Defendant and attempted to resolve his outstanding balance. During this call, Defendant's representative stated that if Plaintiff had the ability to settle the subject for $1,433. Defendant's representative further stated that Plaintiff's account would be marked as "paid in full" and with a zero balance on his credit reports.

13. Due to Defendant's assurances, Plaintiff made the payment and settled the subject debt.

14. On March 15, 2021, Plaintiff checked his credit reports. To his dismay, Defendant was not reporting the balance as paid in full, but as "dispute resolved, customer disagrees", open, and with an outstanding balance of $956.

15. Consequently, Plaintiff placed a call to Defendant to ascertain what had happened. After Plaintiff explained that he only made a payment because he was informed the subject debt would be paid in full, Defendant's representative stated that the subject debt was being reported accurately and nothing would come of the phone call.

16. Concerned about the violations of his rights, Plaintiff sought the assistance of counsel.

17. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive and misleading collection actions.

18. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

19. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

24. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

26. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

27. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

28. Defendant violated 15 U.S.C. §1692e by using false, deceptive, misleading, and unfair means in attempting to collect the alleged subject debt.

29. Defendant violated 15 U.S.C. §1692e(2) and e(10) using false or deceptive means to collect or attempt to collect the subject debt. The deceitful statements and action Defendant's representative made and took were solely for the purpose of dragooning Plaintiff into making a payment on the subject debt. Specifically, Defendant misleadingly told Plaintiff it would report the subject debt as paid in full in order to coerce Plaintiff into making a payment, even though it had no intention of reporting the debt as paid in full.

    b. **Violations of FDCPA § 1692f**

30. Defendant violated §1692f by engaging in unfair or unconscionable conduct when attempting to collect the subject debt. Specifically, Defendant unfairly misrepresented its intentions to credit report the subject debt to Plaintiff.

31. Defendant's unfair and unconscionable actions were nothing more than reprehensible strong-arm tactics used in an attempt to coerce a Plaintiff into making a payment on the debt.

32. Upon information and belief, Defendant systematically attempts to collect debts through false, misleading, and unconscionable conduct and has no procedures in place to assure compliance with the FDCPA.

33. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff JESSE W. SEARCY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

Dated: March 17, 2021

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com